THE STATE OF OHIO, APPELLEE, *v.* DRYER, APPELLANT.

(No. 1328—Decided March 30, 1987.)

*A. M. Psenicka,* for appellee.
*Dennis J. Ibold* and *David M. King,* for appellant.

COOK, J. On February 11, 1986, Richard W. Dryer was stopped for driving a truck left of center on Mulberry Road in Chester Township, Geauga County, Ohio, by Officer James Vasileff of the Chester Township Police Department. Dryer's vehicle was taken to a sixty-foot area on Chapin Street where, earlier that morning, portable scales had been set up by the police for the purpose of weighing trucks. The truck weighed 46,550 pounds, some 20,420 pounds over the maximum allowable load.

Dryer was mistakenly cited for violating R.C. 5577.07. The citation was later amended by agreement of the parties to charge a violation of R.C. 5577.04, gross overload.

Dryer entered a not guilty plea. Counsel submitted stipulated facts to the trial court and an evidentiary hearing was held on May 7, 1986 regarding the manner and method by which the truck was weighed. Following a bench trial, the court found Dryer guilty as charged and fined him $176.

Dryer has appealed the judgment of the trial court and has filed the following assignment of error:

"It is a point of reversible error that, and the judgment of the trial court is against the manifest weight of the evidence, because the arresting officer did not comply with the requirements of 4513.33 of the Ohio Revised Code pertaining to the allowable elevation variances between the axles and [between the] wheels [on any one axle] of the vehicle being weighed on unlevel terrain."

The assigned error is well-taken.

Dryer contends the judgment is against the weight of the evidence. He argues that the prosecution presented no evidence that Officer Vasileff took elevation and tolerance measurements of the sixty-foot area where his truck was weighed in the manner required by R.C. 4513.33.

R.C. 4513.33, in pertinent part, provides:

"During determination of weight by compact, self-contained, portable, sealed scales, specially adapted to determining the wheel loads of vehicles on highways, they shall always be used on terrain of sufficient length and width to accommodate the entire vehicle being weighed. Such terrain shall be level, or if not level, it shall be of such elevation that the difference in elevation between the wheels on any one axle does not exceed two inches and the difference in elevation between

axles being weighed does not exceed one-fourth inch per foot of the distance between said axles."

The parties stipulated that Officer Vasileff checked and determined the elevation measurements and tolerance calculations for the entire area within which the trucks were to be weighed that day, but that the elevation measurements and tolerance calculations were not performed individually for Dryer's vehicle immediately prior to weighing said vehicle. Vasileff also testified as to how he determined said elevation measurements and tolerance calculations.

Vasileff testified that he did not know the precise distance between the axles on Dryer's vehicle and that individual elevation measurements and tolerance calculations were not individually performed for that portion of the roadway between the spots where the axles and/or portable scales were located while Dryer's vehicle was being weighed.

In *State* v. *Reiger* (1978), 63 Ohio App. 2d 135, 140-141, 17 O.O. 3d 332, 336, 409 N.E. 2d 1037, 1042, the court stated:

"R.C. 4513.33 describes the level requirement and elevation tolerance in terms of 'wheels on any one axle' and 'distance between axles.' Since trucks vary in length and width, it would be impossible to arrive at the calculations mandated by the statute unless the specific truck to be weighed is measured in relation to the spot where the scales are located. We hold, therefore, that R.C. 4513.33 mandates that the elevation measurement and tolerance calculation must be performed *individually* for every vehicle before that vehicle can be properly weighed with portable scales. * * *" (Emphasis added.)

In the instant cause, the record indicates the elevation measurement and tolerance calculation were not performed individually for Dryer's vehi-

cle. Thus, there was insufficient evidence of Dryer's guilt.

The judgment of the trial court is reversed and final judgment is entered for the defendant.

*Judgment reversed.*

FORD, P.J., and JONES, J., concur.

STEPHANIE TUBBS JONES, J., of the Court of Common Pleas of Cuyahoga County, sitting by assignment.