CITY OF TOLEDO, Appellee,

v.

HARRIS et al., Appellants.

[Cite as *Toledo v. Harris* (1994), 99 Ohio App.3d 469.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–94–200.

Decided Dec. 23, 1994.

*Daniel R. Pilrose* and *David L. Toska,* for appellee.

*Peter R. Silverman,* for appellants.

---

SHERCK, Judge.

This is a consolidated accelerated appeal from judgments issued by the Toledo Municipal Court. Appellants, Cecil G. Harris and Richard D. Wagner, appeal their convictions of operating vehicles in excess of gross weight limits proscribed by Toledo Municipal Code 339.05(A)(3).

Following the trial court's denial of their suppression motions, both appellants entered no contest pleas, were found guilty, and were sentenced. Appellants now challenge the propriety of the trial court's orders denying their suppression motions.

Toledo Municipal Code 339.08 is identical to R.C. 4513.33. Both, in pertinent part, provide that:

"Any police officer having reason to believe that the weight of a vehicle and its load is unlawful may require the driver of said vehicle to stop and submit to a weighing * * *."

The term "reason to believe" as used in the statute and the ordinance has been held to be equivalent to the "reasonable suspicion" standard necessary to justify an investigatory stop as articulated in *Terry v. Ohio* (1986), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. *State v. Wells* (1983), 11 Ohio App.3d 217, 11 OBR 340, 464 N.E.2d 596. To justify an investigatory stop of a motor vehicle, a police officer must possess, at the least, an "articulable and reasonable suspicion that * * * a vehicle is subject to seizure for a violation of the law * * *." *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673; *State v. Myers* (1990), 63 Ohio App.3d 765, 770–771, 580 N.E.2d 61, 64.

In this case, the police officer who stopped the vehicles testified that he had observed the tires of both vehicles bulging—an indicator, the officer believed, of an overweight condition. This court has held that, without more, the mere presence of bulging tires on a vehicle is insufficient to create a reasonable suspicion that such a vehicle is overweight. *State v. Kelley* (Aug. 20, 1993), Lucas App. No. L–93–024, unreported, at 6, 1993 WL 313596.

However, in both of these cases there exists additional evidence. In appellant Wagner's case, the officer stated that his attention was first drawn to Wagner's truck when he heard the sound of the straining truck engine when the truck began to move from a stop. In addition, the officer testified that he noticed the truck moving very slowly through a turn and the driver shifting several times during a short time as the truck accelerated.

With respect to appellant Harris, the officer again stated that his attention was initially drawn to the Harris truck because of its bulging tires. The officer, however, denied that this was why he stopped the vehicle. The officer continued that, after his initial observation of the tires of the Harris truck, he followed the vehicle for several blocks. During this time, he observed the Harris truck as it stopped for a red light, then "pulled very hard from the stop, real slow."

At each of the suppression hearings, appellants presented witnesses who testified that the bulge which truck tires have when carrying an overweight load is barely detectable from their condition under a legal load. Additionally, each

appellant presented testimony that the engines in appellants' truck tractors were of sufficient size that, even in an overload situation, there should be no detectable noise or hesitation indicative of engine strain. Notwithstanding this testimony, in each instance, the trial court overruled appellants' motion to suppress.

An appellate court's role in reviewing a trial court's ruling on a motion to suppress is not to reevaluate the evidence or the credibility of the witnesses, *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972, 981–982, but to determine whether the trial court's application of the law to the facts, as the trial court found them to be, is appropriate. *State v. Williams* (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141, 1143–1144.

In this instance, it is apparent that the respective trial courts were unpersuaded by the testimony of the defendants' witnesses. We note that the testimony provided by the defense experts was specific to the vehicles the defendants were driving. While it may be true, as his tire expert testified, that appellant Wagner's bulging radial tires were not necessarily indicative of an overload, this is not a universal truth for all tires. Similarly, although the Cummins 400 diesel engine in appellants' trucks may have been capable of pulling an overweight load without a perceptible noise or a perceptible hesitation, this is not universally true. It is common knowledge that heavily laden vehicles moving from a standing stop frequently make an identifiable engine sound as they slowly work to overcome inertia.

In order to satisfy the constitutional requirements of a vehicular investigatory stop, an officer need only articulate facts which, taken together with any rational inferences from those facts, lead the officer to form a reasonable suspicion that the weight of the vehicle and its load are unlawful. *State v. Myers, supra,* 63 Ohio App.3d at 771, 580 N.E.2d at 64–65. This suspicion need not always prove true. It is enough that it is reasonable to believe that it is true.

In this matter, the stopping officer clearly articulated several observations from which he inferred that appellants' trucks were overweight. Given the officer's experience and the general validity of the inferences he employed, we cannot now say that the suspicions which arose were unreasonable. Accordingly, the single assignments of error of both appellant Harris and appellant Wagner are found not well taken.

On consideration whereof, the court finds that the defendants were not prejudiced or denied a fair trial, and the judgments of the Toledo Municipal Court are affirmed. It is ordered that appellants pay the court costs of this appeal.

*Judgments affirmed.*

ABOOD, P.J., and HANDWORK, J., concur.