[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is before the court on appeal from a judgment of conviction and sentence entered by the Sandusky County Court District #1, after the court found defendant-appellant, Thomas F. Gardner, guilty of driving an overweight semitrailer, in violation of R.C. 5577.04, and guilty of driving a motor vehicle with a burned out license plate light, in violation of R.C. 4513.05. Gardner now raises the following assignments of error for our review:
 "FIRST THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE
 "SECOND THE STATE FAILED TO PROVE THAT THE VEHICLE HAD BEEN WEIGHED IN ACCORDANCE WITH THE MANDATES OF ORC § 4513.33
 "THIRD THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY PERMITTING LOAD LIMIT INSPECTOR REFFEY TO TESTIFY WHEN IT WAS ESTABLISHED THAT HE WAS NOT OPERATING A VEHICLE MARKED IN ACCORDANCE WITH ORC § 4549.14 AND ORC § 4549.16."
On August 28, 1996, Gardner was charged with driving with a burned out license plate light and driving an overweight semitrailer. Thereafter, he filed a motion to suppress any and all evidence obtained by the Ohio State Highway Patrol trooper and inspector after stopping appellant's vehicle. A hearing on the motion to suppress was conducted on October 3, 1996 at which Trooper Scott D. Powers, the citing officer, and appellant testified. At the conclusion of the hearing, the court concluded that Trooper Powers had a reasonable articulable suspicion that appellant was driving with a burned out license plate light and, therefore, denied the motion to suppress. Subsequently, the case proceeded to a bench trial at which Trooper Powers and Thomas Reffey, a load limit inspector for the Ohio State Highway Patrol, testified. During the trial, appellant objected to Reffey's testimony and argued that because Reffey was in an unmarked vehicle and was not in uniform, he was not competent to testify pursuant to R.C. 4549.14 and 4549.16. At the conclusion of the trial, appellant moved for an acquittal of the overweight vehicle charge on the ground that the weighing officer, Reffey, failed to measure the truck's axle spacing before weighing it in violation of this court's decision in State v. Reiger (1978), 63 Ohio App.2d 135. The court asked the parties for briefs on that issue and on the issue of Reffey's competency to testify, and concluded the trial without any ruling on the charges.
After reviewing the parties' briefs, the trial court, on January 13, 1997, filed a decision and judgment entry finding appellant guilty of both offenses. In addition, the court expressly found that Reffey was competent to testify and that the weighing procedure followed by Reffey was proper. The court then imposed a fine of $1,657 on the overweight conviction, $15 on the license plate light conviction, and imposed a jail sentence of thirty days, which the court suspended on the condition that appellant have no further overweight offenses during the calendar year of 1997. From that conviction and sentence, appellant now appeals.
In his first assignment of error, appellant challenges the trial court's ruling on his motion to suppress. Appellant contends that Trooper Powers articulated no facts which justified his requesting the bills of lading and that his request for the bills of lading was in no way related to his investigation of the inoperative license tag light.
The Fourth Amendment to the United States Constitution protects citizens from unreasonable searches and seizures. Searches and seizures conducted outside of the judicial process, without a warrant based on probable cause, are per se
unreasonable, subject to several specific established exceptions.Schneckloth v. Bustamonte (1973), 412 U.S. 218, 219. Initially, the burden is on the party challenging the legality of the search or seizure to establish that such was conducted without a war rant. Xenia v. Wallace (1988), 37 Ohio St.3d 216, 218. Once a warrantless search or seizure is established, however, the burden shifts to the state to prove by clear and convincing evidence the validity of the search or seizure.
One of the specific exceptions to the requirements of a warrant and probable cause is the investigatory stop of a moving automobile by police officers based on a reasonable suspicion that the car's occupants are violating the law. Delaware v. Prouse
(1979), 440 U.S. 648, 663; Terry v. Ohio (1968), 392 U.S. 1. The reasonable suspicion, however, must be justified by specific and articulable facts which, when viewed in light of the totality of the surrounding circumstances, indicate that the detention was reasonable. See State v. Bobo (1988), 37 Ohio St.3d 177, certiorari denied (1988), 488 U.S. 910; State v. Chatton (1984),11 Ohio St.3d 59, certiorari denied (1984), 469 U.S. 856.
In the present case, Trooper Powers testified at the hearing on the motion to suppress that on August 28, 1996, at approximately 11:30 p.m., he was driving eastbound in a fully marked cruiser on U.S. 20 in Sandusky County, Ohio, when he passed a semi-truck hauling two trailers driving westbound. As the truck passed him, Trooper Powers looked and noticed that the rear licence plate lights of both trailers were not illuminated. He then made a U-turn, activated his overhead lights and followed the truck as it pulled into the parking lot of a truck dealer-ship. As Trooper Powers approached the truck, he confirmed that the license plate lights were not illuminated. He further noticed, however, that the truck's tires were bulging excessively which, in his experience, indicated that the truck was over-loaded. He therefore asked the driver, appellant, for his driver's license, registration, bills of lading and any other permits he may have. Appellant produced several documents, including his bills of lading which indicated a weight of 89,000 pounds, or 9,000 pounds over the legal limit. Trooper Powers testified that appellant told him he had a permit for the excess weight but that it was in his briefcase at home. It was subsequently determined that the permit had expired. Powers further testified that at the time he stopped appellant, Powers was being followed by Thomas Reffey, a load limit inspector for the Ohio State Highway Patrol. After Powers stopped appellant, Reffey pulled in behind. The two subsequently weighed appellant's truck at a different location and determined that it weighed 134,400 pounds.
R.C. 4513.05 requires the registration plates of all vehicles within the state to be illuminated with a white light so as to render them legible from a distance of fifty feet, whenever the headlights or auxiliary driving lights are lighted. Trooper Powers testified that he specifically saw appellant's truck being operated on the highway in violation of this statute. The trial court found this testimony to be credible. Issues regarding the credibility of witnesses are to be left to the trier of fact.State v. Clay (1973), 34 Ohio St.2d 250. Accordingly, Trooper Powers had a reasonable articulable suspicion that an offense was being committed and legitimately made an investigatory stop of appellant.
Finding that the initial stop of appellant's vehicle was justified, we must now determine if the subsequent search, i.e.
weighing of the vehicle was justified. Appellant asserts that Trooper Powers did not have a justifiable reason to ask to see his bills of lading, which ultimately led the officer to conclude that appellant's truck was overweight. Stops of commercial vehicles for weight violations are controlled by R.C. 4513.33 which reads in pertinent part:
 "Any police officer having reason to believe that the weight of a vehicle and its load is unlawful may require the driver of said vehicle to stop and submit to a weighing * * *."
The "reason to believe" standard has been interpreted to be the same as the "reasonable suspicion" standard as set forth in Terry,supra, and its progeny. State v. Myers (1990), 63 Ohio App.3d 765,770. This court has held that, without more, the mere presence of bulging tires on a vehicle is insufficient to create a reasonable suspicion that such vehicle is overweight. Toledo v.Harris (1994), 99 Ohio App.3d 469; State v. Kelley (Aug. 20, 1993), Lucas App. No. L-93-024, unreported.
In the present case, appellant consented to Trooper Powers' request for the bills of lading. Nothing in the record suggests that appellant's consent was not voluntary. See Ohio v.Robinette (1996), U.S. 117 S.Ct. 417, 136 L.Ed.2d 347. Accordingly, the search of the bills of lading was constitutionally permissible. Moreover, Trooper Powers testified that based on the type and size of the truck, the load being carried (metal coils) and the excessively bulging tires, he suspected that the truck exceeded the legal weight limit. That is, Powers' suspicion that the truck was overloaded was supported by facts independent of the bills of lading. Accordingly, the trial court did not err in denying appellant's motion to suppress and the first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that his overweight conviction must be reversed because the state failed to prove that his truck had been weighed in accordance with R.C. 4513.33.
R.C. 4513.33 describes the procedures that must be followed in weighing a vehicle suspected of being overweight. The statute reads in relevant part:
 "During determination of weight by compact, self-contained, portable, sealed scales, specially adapted to determining the wheel loads of vehicles on highways, they shall always be used on terrain of sufficient length and width to accommodate the entire vehicle being weighed. Such terrain shall be level, or if not level, it shall be of such elevation that the difference in elevation between the wheels on any one axle does not exceed two inches and the difference in elevation between axles being weighed does not exceed one-fourth inch per foot of the distance between said axles."
In Reiger, supra, at 141, this court held that "* * * R.C. 4513.33
mandates that the elevation measurement and tolerance calculation must be performed individually for every vehicle before that vehicle can be properly weighed with portable scales." See, also,State v. Elder (1989), 65 Ohio App.3d 463, and State v.Dryer (1987), 36 Ohio App.3d 193, following Reiger. In State v.Parker (1994), 68 Ohio St.3d 283, however, the Supreme Court of Ohio established that substantial compliance with the requirements of the R.C. 4513.33 is sufficient.
In the present case, Reffey explained the procedure he typically follows and that he followed in weighing appellant's truck. Reffey testified that he initially went to the weighing site and made a preliminary determination, with the use of an eight foot bubble level, that the site was within the level tolerances. He and Trooper Powers then directed appellant to the chosen site. Reffey then testified:
 "A Well, you check, once the scales are in place where the truck is actually going to be weighed and determine that for sure. Put the scales right on the road. We check it cross ways, every axle, where the axles are going to be setting once the scales — once he's on the scales. We determine to make sure that's under two inches on the width, and on the length on both sides of the truck, between each axle we weigh, down the side we make sure it's going to be within a quarter inch per foot — no more — it's going to be less than a quarter inch per foot of grade down each side. And I did so and I found it to be well within the tolerance and so we went ahead and weighed it then.
"* * *
"Q. Okay. Did you do a measurement of the axle spacing?
"A. Yes.
"Q. When did you do that?
"A. I'm not sure exactly.
 "Q. Would that have been after you weighed the truck or —
"A. I think it was after, I think."
Subsequently, however, Reffey testified that "[A]ll the levelness was done prior to the truck being weighed." Appellant asserts that because the state failed to prove that Reffey measured the axle spacing before weighing the truck, it failed to prove the truck was weighed in compliance with R.C. 4513.33. We disagree and find, given the testimony quoted above, that the state proved that Reffey substantially complied with the mandatory weighing procedures. Although Reffey was initially unsure of when he measured the axle width, he subsequently stated that he took all of the measurements before weighing the truck. Because there was substantial evidence to support the trial court's finding, we will not reverse that finding on appeal. The second assignment of error is therefore not well-taken.
In his third and final assignment of error, appellant asserts that the trial court erred in allowing Reffey to testify when the state failed to establish that he was operating a vehicle marked in accordance with R.C. 4549.14 and 4549.16.
Questions regarding the admissibility of evidence are left to the sound discretion of the trial judge, and the court's ruling on evidentiary issues will not be reversed on appeal absent a showing of an abuse of discretion. State v. Sage (1987),31 Ohio St.3d 173. Evid.R. 601 reads in relevant part:
"Every person is competent to be a witness except:
"* * *
 "(C) An officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined by statute or was not wearing a legally distinctive uniform as defined by statute."
Evid.R. 601(C) is consistent with R.C. 4549.14 and 4549.16. Appellant asserts that because Inspector Reffey was driving an unmarked vehicle at the time of appellant's arrest, he was not competent to testify at the trial below.
The trial court concluded that "Inspector Reffey was operating a distinctively marked cruiser, i.e. with an oscillating light bar on his roof and state markings on the vehicle." Given this finding, and the court's finding that Reffey was wearing a uniform with state markings, the court found him competent to testify. Reffey's testimony, however, does not support this conclusion. Reffey testified that he was driving an unmarked grey van with state license plates and a light bar. This description of the van clearly does not meet the requirements of R.C. 4549.13.
Nevertheless, we find that Reffey was competent to testify. In the proceedings below, Reffey testified that he is a civilian employee of the Highway Patrol, not a trooper, who learned how to weigh trucks mostly through on the job training. In our view, the word "officer" as used in Evid.R. 601(C) and the statutes, refers to those persons who have received appropriate training and have been awarded a certificate attesting to their satisfactory completion of an approved state, county, municipal, or department of natural resources peace officer basic training program. See R.C. 109.77. Nothing in the record of the present case indicates that Inspector Reffey is such a person. Accordingly, he is not an officer within the meaning of Evid.R. 601(C), R.C. 4549.14 or 4549.16 and the trial court did not err in permitting Reffey to testify. Additionally, we note that the investigatory stop and the charge of driving with a burned out license plate light was made by Trooper Powers, who was in a marked vehicle and in full uniform. The third assignment of error is not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Sandusky County Court District #1 is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _______________________________ George M. Glasser, J.
JUDGE
 ______________________________ Melvin L. Resnick, J.
JUDGE
 ________________________________ Richard W. Knepper, J.
JUDGE
CONCUR.