OPINION
On January 7, 1997, appellant, Greenville Back, was stopped for speeding on U.S. 20 in Sandusky County while driving his semi-tractor with tandem trailers. During the stop, an Ohio Highway Patrol trooper requested that appellant produce a bill of lading. Appellant refused. The trooper then directed appellant to drive to a portable scale where the rig was weighed and found to be over the weight limit set by R.C. 5577.04. Appellant was cited for both speed and weight violations. This appeal concerns only the weight violation.
Appellant initially pled not guilty and moved to suppress the scale results. The issue was submitted to the court on a stipulation of facts which included:
 "6. The only reason the trooper weighed [appellant's] vehicle was that his vehicle had two trailers and that [he] refused to show his bill of lading."
Appellant argued that on these facts the trooper was without sufficient "reason to believe" that the truck was overweight and was, therefore, without authority to continue the investigatory stop. When the trial court denied appellant's motion to suppress, appellant amended his plea to no contest and was found guilty of the weight violation. Appellant now brings this appeal, setting forth the following single assignment of error:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO SUPPRESS ALL EVIDENCE OBTAINED AFTER MR. BACK'S VEHICLE WAS WEIGHED WITHOUT PROBABLE CAUSE TO BELIEVE HIS VEHICLE WAS OVERWEIGHT."
For purposes of his suppression motion, appellant concedes he was speeding. A police officer may stop and arrest or cite someone when there is probable cause that the individual in question committed a criminal offense. United States v.Watson (1976), 423 U.S. 411, 418. Probable cause exists when police at the time of arrest or citation possess the knowledge of facts and circumstances to warrant a belief by a prudent person that an offense was committed and that the person to be arrested or cited committed the offense. Beck v. Ohio (1964), 379 U.S. 89,91. Consequently, the trooper's initial stop and issuance of a citation for speeding were performed with probable cause.
Probable cause is not required for an officer to order a vehicle weighed. As we stated in Toledo v. Harris (1994),99 Ohio App.3d 469, 470, R.C. 4513.33 provides that:
 "`Any police officer having reason to believe that the weight of a vehicle and its load is unlawful may require the driver of said vehicle to stop and submit to a weighing * * *.'
 "The term `reason to believe' as used in the statute and the ordinance has been held to be equivalent to the `reasonable suspicion' standard necessary to justify an investigatory stop as articulated in Terry v. Ohio
(1986), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. To justify an investigatory stop of a motor vehicle, a police officer must possess, at the least, an `articulable and reasonable suspicion that * * * a vehicle is subject to seizure for a violation of the law * * *.'" (Citations omitted.)
Appellant argues that, without more, the facts that he was driving a rig with two trailers and refused to provide the trooper with a bill of lading are not sufficient to give rise to a reasonable, articulable suspicion that his truck was overweight.
Appellee, state of Ohio, points out that R.C. 5577.10, referring to a bill of lading, provides inter alia, that:
 "* * * The driver or operator of the commercial car, trailer, or semitrailer shall retain such statement of gross vehicle weight on his person, and any law enforcement officer of this state may request that such driver or operator exhibit to him.* * *"
When a commercial driver fails to abide by this law, that fact is sufficient to raise an inference that the bill of lading would demonstrate that the truck is overweight, according to the state's position. This, in turn, leads to a reasonable articulable suspicion which would support additional investigation.
Not so, appellant responds. R.C. 5577.10 states no criminal offense for a failure to produce a weight statement on request. Appellant argues that the statute goes only to the willful issuance of false information on such a statement. Elyriav. Swagger (Aug. 29, 1990), Lorain App. No. 89CA004731, unreported.
Swagger indeed holds that failing to provide a bill of lading is not a criminal act pursuant R.C. 5577.10. Swagger, however, is inapposite to the issue at hand. Here, we are concerned, not with whether refusing to provide a bill of lading is an offense, but whether such refusal was suspicious. As we noted in Harris, supra, at 471, to initiate or continue an investigatory stop
 "* * * an officer need only articulate facts which, taken together with any rational inferences from those facts, lead the officer to form a reasonable suspicion that the weight of the vehicle and its load are unlawful. * * *"
Here, both the officer and appellant knew that if appellant produced a valid bill of lading with a weight statement that was statutorily permissible, this matter would have ended with a speeding ticket. When appellant refused to produce the bill of lading, the reasonable inference the officer could reach was that the bill contained information which was not advantageous to appellant — specifically, that appellant's vehicle was overweight. Given this reasonable, articulable suspicion, the trooper could properly continue the investigatory stop and order that the truck be weighed. Therefore, the trial court did not err in refusing to suppress the results of that continued investigation. Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, the judgment of Sandusky County Court, #1 is affirmed. It is ordered that appellant pay court costs of this appeal.
JUDGMENT AFFIRMED.
 George M. Glasser, J.
 Melvin L. Resnick, J.
 James R. Sherck, J.
CONCUR.