This is an appeal from a judgment entered by the Chillicothe Municipal Court granting a motion to suppress evidence filed by Cyrus W. Horsley, Jr., defendant below and appellee herein. The State of Ohio, plaintiff below and appellant herein, filed a timely appeal pursuant to Crim.R. 12(J).
Appellant raises the following assignment of error for our review:
 "THE TRIAL COURT ACTED TO THE MANIFEST PREJUDICE OF THE PLAINTIFF-APPELLANT BY SUSTAINING A MOTION TO SUPPRESS FILED BY DEFENDANT-APPELLEE BECAUSE THE EVIDENCE ADDUCED ON SUCH MOTION CONFIRMED THAT THE OFFICER HAD ADEQUATE REASON TO BELIEVE THAT THE WEIGHT OF DEFENDANT'S VEHICLE AND ITS LOAD WAS UNLAWFUL, IN FULL CONFORMITY WITH R.C. 4513.33."
On January 21, 1998, at approximately 10:00 A.M., Chillicothe Police Officer James Lowe observed a closed compactor (garbage) truck with "bulging" tires. Lowe also noticed that the truck's tires made a certain "sound" or "whine" as the truck moved down the road. At that point, Lowe stopped the truck because he believed that the truck may have been overloaded.
Appellee was the driver of the truck. Officer Lowe discussed the situation with appellee. Lowe did not, however, examine the truck's load. After weighing the truck, Lowe determined that the truck weighed approximately 2,800 pounds over axle. We note that the truck's weight did not exceed the applicable gross weight limits. Lowe then issued to appellee an overweight truck citation. See R.C. 5577.04(B)(2).
On January 28, 1998, appellee filed a motion to suppress evidence. Appellee's motion asserted that the investigating officer did not "have probable cause/articulable suspicion to stop, charge, and arrest" appellee.
On March 13, 1998, the trial court conducted an evidentiary hearing to consider appellee's motion. After hearing the evidence and after considering counsels' arguments, the trial court granted appellee's motion. In its judgment entry the trial court wrote in pertinent part:
 "The State presented the testimony of police officer James E. Lowe. Officer Lowe testified that he had been a police officer sixteen years; that he had received the Ohio State Highway Patrol Commercial Vehicle Safe Training in October, 1997; and that for the previous eight or nine months he had been assigned, in part, to the enforcement of vehicle overload for the City of Chillicothe. He further testified that on January 28, 1998 at 10:15 A.M., he observed the defendant driving a Rumpke trash truck south on Bridge Street in the Chillicothe city limits. He noticed that the tires on the back of the truck were bulging out and heard a sound coming from the last set of tires on the back. He followed the truck for about a quarter of a mile and then stopped the truck because of the bulging tires.
* * *
 The question then in the present case is whether or not Officer Lowe possessed an articulable and reasonable suspicion that the Rumpke trash truck was overweight. The only evidence presented by the State of Ohio was that Officer Lowe judged the tires to be bulging. Officer Lowe was not able to differentiate between the appearance of the tires of a legally loaded truck and the tires of an overweight truck. Officer Lowe discussed the sound that the tires made and believed this to be an additional indicator that the truck was overweight. From the testimony of Officer Lowe, the Court finds that the sound is purely a function of the size of the tire; that is, the sound of the tire is directly caused by the amount of the bulge. Consequently, hearing the sound is no different from observing the bulging of the tires. Officer Lowe was not able to distinguish between the sound of a legal weight truck and the sound of an overweight truck.
 The State has referred the Court to the case of State v. Sturgill (February 4, 1991), Montgomery App. NO. CA 11695, unreported. In that case, the Second District Court of Appeals held that bulging tires and the officer's experience was sufficient to support a reasonable and articulable suspicion that the defendant's truck was overloaded. Defendant has referred the Court to a line of cases from the Sixth District Court of Appeals where that court has held that, 'without more, the mere presence of bulging tires on a vehicle is insufficient to create a reasonable suspicion that such a vehicle is overweight' City of Toledo v. Harris (December 23, 1994), Lucas App. No. L-94-200; State v. Kelly (August 20, 1993), Lucas App. No. L-93-024, unreported. This court finds the defendant's line of cases and the defendant's arguments more persuasive. Officer Lowe was unable to articulate any difference between a legal weight truck and an overweight truck from the appearance of the tires. He could not say what type of tires the truck had. Bulging tires, without more, do not provide a reasonable suspicion upon which to stop and detain a vehicle so that it may be weighed."
Thus, the trial court held that bulging tires, standing alone, do not provide a law enforcement officer with a reasonable suspicion of criminal activity and, consequently, do not provide a basis for an investigative stop.
In its sole assignment of error, appellant contends that the trial court erred by granting appellee's motion to suppress evidence. In particular, appellant asserts that Officer Lowe possessed a reasonable and articulable suspicion to stop appellee's truck. Appellee argues that the trial court correctly determined that Officer Lowe did not possess or have a sufficient constitutional basis to stop his vehicle.
Initially, we note that in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses. See State v. Dunlap
(1995), 73 Ohio St.3d 308, 314, 652 N.E.2d 988, 995; State v.Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584. Accordingly, a reviewing court must defer to the trial court's findings of fact if supported by competent, credible evidence. See Dunlap, supra; State v. Curry (1994), 95 Ohio App.3d 93,96, 641 N.E.2d 1172, 1174. The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. See Curry, 95 Ohio App.3d at 96,641 N.E.2d at 1174; State v. Venham (1994), 96 Ohio App.3d 649,645 N.E.2d 831; State v. Shelpman (May 23, 1991), Ross App. No. 1632, unreported.
The Fourth and Fourteenth Amendments to the United States Constitution,[1] as well as Section 14, Article I of the Ohio Constitution,[2] protect individuals against unreasonable governmental searches and seizures. Delaware v. Prouse (1979),440 U.S. 648, 662, 99 S.Ct. 1391, 1400, 59 L.Ed.2d 660; Statev. Gullett (1992), 78 Ohio App.3d 138, 143, 604 N.E.2d 176,179. In Katz v. United States (1967), 389 U.S. 347, 357,88 S.Ct. 507, 514, 19 L.Ed.2d 576, the Supreme Court held that "searches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." See, also, State v. Sneed (1992), 63 Ohio St.3d 3, 6-7,584 N.E.2d 1160, 1165; State v. Braxton (1995), 102 Ohio App.3d 28, 36,656 N.E.2d 970, 975.
The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to conduct a brief investigative stop if the officer possesses a reasonable suspicion, based upon specific and articulable facts, which, taken together with rational inferences from those facts, warrants the belief that criminal behavior has occurred or is imminent. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889; United States v. Brignoni v. Ponce (1978),422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607; State v. Andrews
(1991), 57 Ohio St.3d 86, 565 N.E.2d 1271; State v. Venham
(1994), 96 Ohio App.3d 649, 654, 645 N.E.2d 831, 833. To justify an investigative stop, the officer must be able to articulate specific facts which would warrant a person of reasonable caution in the belief that the person stopped has committed or is committing a crime. Whren v. United States
(1996), 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89; Prouse,supra; Terry, supra. The propriety of an investigative stop must be reviewed in light of the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d, 177,524 N.E.2d 489.
Stops of commercial vehicles for overload weight violations are governed by R.C. 4513.33. The statute provides in pertinent part:
 Any police officer having reason to believe that the weight of a vehicle and its load is unlawful may require the driver of said vehicle to stop and submit to a weighing * * *.
The "reason to believe" standard enunciated in the statute has been equated to the Terry "reasonable suspicion" standard. SeeState v. Myers (1990), 63 Ohio App.3d 765, 580 N.E.2d 61.
Some courts have concluded that "without more, the mere presence of bulging tires on a vehicle is insufficient to create a reasonable suspicion that such vehicle is overweight." See State v. Gardner (Feb. 20, 1998), Sandusky App. No. S-97-8, unreported, citing Toledo v. Harris (1994), 99 Ohio App.3d 469,651 N.E.2d 24; and State v. Kelley (August 20, 1993), Lucas App. No. L-93-024. However, when a suspicion that a vehicle is overweight is based on both the size of the load and bulging tires, an officer's suspicion is reasonable. See State v.Murphy (Mar. 14, 1997), Sandusky App. No. S-96-8; Myers.
Other courts have held that bulging tires coupled with the arresting officer's knowledge and experience provide a sufficient basis to conclude that an overweight vehicle infraction may have been committed. See State v. Sturgill (Feb. 4, 1991), Montgomery App. No. 11695, unreported. The Sturgill
court noted that the evidence revealed "that all this being equal, the greater the weight of the vehicle, the greater the bulge in the tires." The Sturgill court wrote:
 "Sturgill argues that Officer Alexander's suspicion, albeit articulable, was not reasonable because there are other innocent explanations for bulging tires. While that may be so, the trial court was required, as we are, to examine the circumstances. Dumptrucks can carry a variety of materials, the densities and weights of which vary. As such, dumptrucks are susceptible to overloading which might not be discernable from mere observation of the truck from the vantage point afforded a police officer seated in a cruiser. The observation of Officer Alexander of bulging tires on a dumptruck, coupled with his experience that bulging tires are an indicator of overload, gave rise to a reasonable suspicion that the truck was overloaded.
 This holding is consistent with our opinions in State v. Myers, et al. (Clark App. 2556-2563), February 26, 1990, unreported, and State v. Salmons, et al. (Greene Co. App. 88CA106 through 88CA139), July 20, 1990, unreported."
In the instant case, Officer Lowe testified that he completed a commercial vehicle traffic course sponsored by the Ohio State Patrol. This traffic course included the subject of overweight trucks. Lowe further testified that: (1) all tires bulge to some extent when a truck is carrying a load; (2) radial tires bulge more than bias ply tires because bias tires have stiffer sidewalls; (3) at legal weight, a truck's tires "will not bulge or will not bulge as much" as an overweight truck; and (4) he had stopped trucks with bulging tires that later proved not to be overweight. Appellee Horsley testified at the hearing that his truck is equipped with radial tires and that radial tires bulge all the time, even when his truck is empty.
In the case sub judice, we agree with the result of the trial court's judgment. We disagree, however, with the trial court's holding that bulging tires "without more" can never form a proper basis for an investigative stop. We believe that bulging tires coupled with an officer's training and experience can indeed give rise to a reasonable suspicion that a vehicle exceeds the applicable weight restrictions. Whether a certain tire's bulge is greater or more pronounced than a normal tire bulge is a factor that the trier of fact can consider when making did not possess a reasonable suspicion of criminal activity that provided a sufficient constitutional basis to stop and detain appellee.
Accordingly, based upon the foregoing reasons we overrule appellant's sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion
For the Court
 BY: _____________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] The Fourth Amendment to the United States Constitution provides:
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
[2] Section 14, Article I of the Ohio Constitution provides:
The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and things to be seized.