OPINION
{¶ 1} This is a consolidated appeal in which appellants, Timothy E. Doane and Timothy Listermann, appeal the decision of the Clermont County Municipal Court denying their motions to suppress evidence.
 {¶ 2} Appellants were charged with operating overweight vehicles, pursuant to R.C. 5577.04, after Clermont County Sheriff's Deputy Jeff Gobbi stopped the garbage trucks operated by appellants on May 10, 2002, and weighed their vehicles.
 {¶ 3} Both appellants filed motions to suppress evidence, attacking the reasonableness of the deputy's decision to stop their vehicles. Following the trial court's denial of their motions, both appellants entered no contest pleas, were found guilty, and were sentenced. Appellants appeal, presenting a single assignment of error:
 {¶ 4} "The trial court erred to the prejudice of appellants' rights to be free from unreasonable searches and seizures, secured to them by the Fourth and Fourteenth Amendments of the U.S. Constitution, and by Art. I § 14 of the Ohio Constitution, in overruling their motion to suppress evidence."
 {¶ 5} Appellants argue that the evidence concerning the weight of their trucks should have been suppressed because Deputy Gobbi did not have reasonable grounds to believe that their vehicles were overweight and therefore, had no legal authority to stop and weigh their trucks.
 {¶ 6} R.C. 4513.33, provides in pertinent part that any police officer having reason to believe that the weight of a vehicle and its load is unlawful may require the driver of said vehicle to stop and submit to a weighing of it.
 {¶ 7} The "reason to believe" standard of R.C. 4513.33 has been held to be the same as the reasonable suspicion standard as set forth for vehicular investigatory stops in Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868. State v. Myers (1990), 63 Ohio App.3d 765, 770.
 {¶ 8} In order to satisfy the constitutional requirements of a vehicular investigatory stop, the officer must articulate facts which, taken together with any rational inferences from those facts, lead the officer to form a reasonable suspicion, based on the totality of the circumstances, that the weight of the vehicle and its load are unlawful.Myers at 770-71. The objective facts and circumstances control when determining the lawfulness of a stop. State v. Snyder, Vinton App. No. 02CA575, 2003-Ohio-2039, at ¶ 23. This suspicion need not always prove true. It is enough that it is reasonable to believe that it is true. City of Toledo v. Harris (1994), 99 Ohio App.3d 469, 471.
 {¶ 9} Deputy Gobbi testified at the suppression hearing that he had received training in commercial vehicle enforcement, had served in that enforcement unit for more than 18 months, and had made "hundreds" of stops for commercial vehicle enforcement.
 {¶ 10} Deputy Gobbi testified that he stopped appellants' vehicles because he suspected they were overweight. Deputy Gobbi stated that he observed that Doane's truck tires were bulging, mashed, or egg-shaped, that the vehicle had a slow responding suspension, and that the vehicle was a "large, heavy truck." Deputy Gobbi testified that he observed that Listermann's vehicle had "mashed down" or bulging tires and a slow responding suspension.
 {¶ 11} Appellants presented photographs and a tire expert to dispute Deputy Gobbi's observations concerning the bulging tires. Appellants also provided testimony that Doane's vehicle had a solid suspension, which would not move as the deputy had described.
 {¶ 12} In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to evaluate the credibility of witnesses and resolve questions of fact. State v. Moeller (Oct. 23, 2000), Butler App. No. CA99-07-128. In reviewing the trial court's decision on a motion to suppress, the appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence, but must then independently determine, as a matter of law, whether the facts satisfy the applicable legal standard. Id.
 {¶ 13} As the trier of fact, the trial court found the deputy's observations about the moving trucks were credible. We find that competent, credible evidence supports that decision. Further, given the deputy's experience, his observations, and the rational inferences drawn from those facts, we cannot say that Deputy Gobbi's suspicions that the trucks were overweight were unreasonable. City of Toledo v. Harris,99 Ohio App.3d at 471.
 {¶ 14} The trial court did not err in its decision to deny appellants' motions to suppress. Appellants' assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.